UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN TOOLING CENTER,
INCORPORATED,

Case No. 2:16-cv-12108

Plaintiff,

v.

Hon. Gerald A. Rosen

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendant.

_____/

## ANSWER TO COMPLAINT AND
## SPECIAL AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Travelers Casualty and Surety Company of America ("Travelers"), by its attorneys, Kerr, Russell and Weber, PLC, and for its Answer to the Complaint of Plaintiff American Tooling Center, Inc. ("Plaintiff"), states as follows:

1.      Travelers denies the allegations contained in paragraph 1 of Plaintiff's Complaint because they are untrue.  In further answer, Travelers affirmatively avers that the referenced Wrap + Crime Policy (the "Policy") is a written instrument, the terms of which speak for themselves.

2.      Travelers neither admits nor denies the allegations contained in paragraph 2 of Plaintiff's Complaint because it lacks knowledge and information

sufficient to form a belief as to the truth or falsity of the allegations contained therein. In further answer, Travelers affirmatively avers that the Policy, as defined, is a written instrument, the terms of which speak for themselves.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

3.      Travelers neither admits nor denies the allegations contained in paragraph 3 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein. In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.

4.      Travelers neither admits nor denies the allegations contained in paragraph 4 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

5.      In response to paragraph 5 of Plaintiff's Complaint, Travelers denies the allegations that the policy is designed to protect Plaintiff against the type of loss it claims to have incurred, and that Travelers' refusal to pay Plaintiff's claim constitutes a breach of the policy or its contractual obligations, because such allegations are untrue.  Travelers neither admits nor denies the remainder of the allegations contained in paragraph 5 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

6.     In response to paragraph 6 of Plaintiff's Complaint, Travelers admits that Plaintiff seeks a declaration that the Policy provides coverage for the claim but denies that Plaintiff is entitled to such declaration and denies that it is liable to Plaintiff in any amount.  In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.

## THE PARTIES

7.     Travelers incorporates by reference its answers to the allegations contained in paragraphs 1 through 6 of Plaintiff's Complaint.

8.     Travelers neither admits nor denies the allegations contained in paragraph 8 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

9.     Admitted.

10.    In response to paragraph 10 of Plaintiff's Complaint, Travelers admits that it is authorized to sell or write property and casualty insurance in Michigan but neither admits nor denies the allegation that it has conducted and continues to conduct "substantial" insurance business in the State of Michigan as that term is undefined.

## JURISDICTION AND VENUE

11.     Travelers incorporates by reference its answers to the allegations contained in paragraphs 1 through 10 of Plaintiff's Complaint.

12.     Travelers neither admits nor denies the allegations contained in paragraph 12 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

13.     Travelers neither admits nor denies the allegations contained in paragraph 13 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

## FACTUAL ALLEGATIONS

14.     Travelers incorporates by reference its answers to the allegations contained in paragraphs 1 through 10 of Plaintiff's Complaint.

15.     In response to paragraph 15 of Plaintiff's Complaint, Travelers admits that it issued the Policy attached as Exhibit A to Plaintiff's Complaint to Superior CAM, but denies that the Policy covers the type of loss at issue in this action. Travelers neither admits nor denies the allegation that "significant" premiums were paid as that term is undefined.  In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set

forth in the written instrument and/or imposed by law, Travelers denies the allegations.

16. Travelers neither admits nor denies the allegations contained in paragraph 16 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein. In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.

17. Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves. To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

18. Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves. To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

19. Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves. To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

20.     Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.   To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

21.     Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.   To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

22.     Travelers neither admits nor denies the allegations contained in paragraph 22 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

23.     Travelers neither admits nor denies the allegations contained in paragraph 23 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

24.     Travelers neither admits nor denies the allegations contained in paragraph 24 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

25.     Travelers neither admits nor denies the allegations contained in paragraph 25 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

26. Travelers neither admits nor denies the allegations contained in paragraph 26 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

27. Travelers neither admits nor denies the allegations contained in paragraph 27 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

28. Travelers neither admits nor denies the allegations contained in paragraph 28 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

29. Travelers neither admits nor denies the allegations contained in paragraph 29 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

30. Travelers neither admits nor denies the allegations contained in paragraph 30 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

31. Travelers neither admits nor denies the allegations contained in paragraph 31 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

32.     Travelers neither admits nor denies the allegations contained in paragraph 32 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

33.     Travelers neither admits nor denies the allegations contained in paragraph 33 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

34.     Travelers neither admits nor denies the allegations contained in paragraph 34 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

35.     Travelers neither admits nor denies the allegations contained in paragraph 35 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

36.     Travelers neither admits nor denies the allegations contained in paragraph 36 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

37.     Travelers neither admits nor denies the allegations contained in paragraph 37 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

38.     Travelers neither admits nor denies the allegations contained in paragraph 38 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

39.     Travelers neither admits nor denies the allegations contained in paragraph 39 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

40.     Travelers neither admits nor denies the allegations contained in paragraph 40 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

41.     Travelers neither admits nor denies the allegations contained in paragraph 41 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

42.     Travelers neither admits nor denies the allegations contained in paragraph 42 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

43.     Travelers neither admits nor denies the allegations contained in paragraph 43 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

44.     Travelers neither admits nor denies the allegations contained in paragraph 44 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

45.     Travelers neither admits nor denies the allegations contained in paragraph 45 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

46.     Travelers neither admits nor denies the allegations contained in paragraph 46 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

47.     Travelers neither admits nor denies the allegations contained in paragraph 47 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

48.     Travelers neither admits nor denies the allegations contained in paragraph 48 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

49.     Travelers neither admits nor denies the allegations contained in paragraph 49 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

50.     Travelers neither admits nor denies the allegations contained in paragraph 50 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

51.     Travelers neither admits nor denies the allegations contained in paragraph 51 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

52.     Admitted.

53.     Travelers neither admits nor denies the allegations contained in paragraph 53 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

54.     In response to paragraph 54 of Plaintiff's Complaint, Travelers admits that it sent the letter attached as Exhibit B to Plaintiff's Complaint denying that there was coverage under the Policy for the claimed loss and denying Plaintiff's claim.  In further answer, Travelers affirmatively avers that the letter is a written instrument, the terms of which speak for themselves.

55.     Travelers denies the allegations contained in paragraph 55 of Plaintiff's Complaint because they are untrue in the manner and form alleged.  In further answer, Travelers affirmatively avers that the Policy and letter are written instruments, the terms of which speak for themselves.

56.     In response to paragraph 56 of Plaintiff's Complaint, Travelers admits that it received the referenced correspondence from Plaintiff's counsel dated September 16, 2015.  In further answer, Travelers affirmatively avers that the letter and proof of loss are written instruments, the terms of which speak for themselves.

57.     In response to paragraph 57 of Plaintiff's Complaint, Travelers admits that it sent the referenced letter continuing to deny Plaintiff's claim.  In further answer, Travelers affirmatively avers that the letter is a written instrument, the terms of which speak for themselves.

## COUNT I: BREACH OF CONTRACT

58.     Travelers incorporates by reference its answers to the allegations contained in paragraphs 1 through 57 of Plaintiff's Complaint.

59.     In response to paragraph 59 of Plaintiff's Complaint, to the extent the paragraph constitutes a legal conclusion, no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 59 of Plaintiff's Complaint because they are untrue.  In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.

60.     Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.  To the extent Plaintiff alleges rights or

obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

61.    Travelers denies the allegations contained in paragraph 61 of Plaintiff's Complaint because they are untrue in the manner and form alleged.

62.    Travelers denies the allegations contained in paragraph 62 of Plaintiff's Complaint because they are untrue in the manner and form alleged.

63.    Travelers neither admits nor denies the allegations contained in paragraph 63 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

64.    In response to paragraph 64 of Plaintiff's Complaint, to the extent the paragraph constitutes a legal conclusion, no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 64 of Plaintiff's Complaint because they are untrue in the manner and form alleged.  In further answer, Travelers affirmatively avers that the Policy is a written instrument, the terms of which speak for themselves.

65.    Travelers neither admits nor denies the allegations contained in paragraph 65 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

66.    Travelers denies the allegations contained in paragraph 66 of Plaintiff's Complaint because they are untrue.

67.     Travelers denies the allegations contained in paragraph 67 of Plaintiff's Complaint because they are untrue and denies that it is liable to Plaintiff in any amount.

WHEREFORE, Travelers denies it is liable to Plaintiff in any amount and prays that this Court enter a judgment of no cause for action, dismissing Plaintiff's Complaint against Travelers and granting it an award of costs and attorney fees.

## COUNT II: DECLARATORY RELIEF

68.     Travelers incorporates by reference its answers to the allegations contained in paragraphs 1 through 67 of Plaintiff's Complaint.

69.     Travelers denies the allegations contained in paragraph 69 of Plaintiff's Complaint because they are untrue in the manner and form alleged, and denies that it is liable to Plaintiff in any amount.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

70.     Travelers denies the allegations contained in paragraph 70 of Plaintiff's Complaint because they are untrue.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

71.     Travelers denies the allegations contained in paragraph 71 of Plaintiff's Complaint because they are untrue.  To the extent Plaintiff alleges rights or

obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

72.    Admitted.

73.    In response to paragraph 73 of Plaintiff's Complaint, to the extent the paragraph constitutes a legal conclusion, no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 73 of Plaintiff's Complaint because they are untrue.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

74.    In response to paragraph 74 of Plaintiff's Complaint, to the extent the paragraph constitutes a legal conclusion, no response is required.  To the extent a response is required, Travelers neither admits nor denies the allegations contained in paragraph 74 of Plaintiff's Complaint because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

75.    Travelers denies the allegations contained in paragraph 75 of Plaintiff's Complaint because they are untrue.  To the extent Plaintiff alleges rights or obligations different than or in addition to those set forth in the written instrument and/or imposed by law, Travelers denies the allegations.

WHEREFORE, Travelers denies it is liable to Plaintiff in any amount and prays that this Court enter a judgment of no cause for action, dismissing Plaintiff's Complaint against Travelers and granting it an award of costs and attorney fees.

## COUNT III: STATUTORY BAD FAITH, MCL 500.2006

76.    Travelers incorporates by reference its answers to the allegations contained in paragraphs 1 through 75 of Plaintiff's Complaint.

77.    Travelers denies the allegations contained in paragraph 77 of Plaintiff's Complaint because they are untrue.

78.    In response to paragraph 78 of Plaintiff's Complaint, to the extent the paragraph constitutes a legal conclusion, no response is required. To the extent a response is required, Travelers denies the allegations contained in paragraph 78 of Plaintiff's Complaint because they are untrue.

WHEREFORE, Travelers denies it is liable to Plaintiff in any amount and prays that this Court enter a judgment of no cause for action, dismissing Plaintiff's Complaint against Travelers and granting it an award of costs and attorney fees.

KERR, RUSSELL AND WEBER, PLC

By: /s/ *Mark M. Cunningham*
    Mark M. Cunningham (P38408)
    Jacquelyn A. Klima (P69403)
Attorneys for Defendant
500 Woodward Ave., Suite 2500
Detroit MI 48226-3427
(313) 961-0200
mcunningham@kerr-russell.com
jklima@kerr-russell.com

Dated: August 5, 2016

## SPECIAL AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Travelers Casualty and Surety Company of America ("Travelers"), by its attorneys, Kerr, Russell and Weber, PLC, and for its Special and Affirmative Defenses to the Complaint of Plaintiff American Tooling Center, Inc. ("Plaintiff"), states as follows:

1.    Plaintiff's Complaint may be barred in whole, or in part, because it fails to state a claim upon which relief can be granted.

2.    Plaintiff's Complaint may be barred in whole, or in part, by the applicable period of contractual or statutory limitations.

3.    Plaintiff's Complaint may be barred in whole, or in part, by the statute of frauds.

4.    Plaintiff's Complaint may be barred in whole, or in part, by Plaintiff's failure to satisfy conditions precedent.

5.    Plaintiff's Complaint may be barred in whole, or in part, by the applicable written notice and/or suit limitation period, contractual and/or statutory.

6.    Plaintiff's Complaint may be barred in whole, or in part, by Plaintiff's failure to comply with the requirements of the Wrap + Crime Policy No. 105493837 (the "Policy").

7.    Plaintiff's Complaint may be barred in whole, or in part, because the loss for which it seeks recovery is not covered by the Policy.

8.    Plaintiff's Complaint may be barred in whole, or in part, by its failure to mitigate its damages.

9.    Plaintiff's Complaint may be barred in whole, or in part, by its failure to properly and/or timely perfect its claim or claims against the Policy.

10.  Plaintiff's Complaint may be barred in whole, or in part, by waiver and/or release.

11.  Plaintiff's Complaint may be barred in whole, or in part, by payment.

12.  Plaintiff's Complaint may be barred in whole, or in part, by accord and satisfaction.

13.  Plaintiff's Complaint may be barred in whole, or in part, by estoppel.

14.  Plaintiff's Complaint may be barred in whole, or in part, to the extent the amount of its claims exceeds the Policy limits.

15. Plaintiff's Complaint may be barred in whole, or in part, because Plaintiff's claims are reasonably in dispute.

16. Plaintiff's Complaint may be barred in whole, or in part, because Plaintiff has not provided a satisfactory proof of loss to support its claims.

17. Plaintiff's Complaint may be barred in whole, or in part, because the Policy does not cover consequential damages, interest, costs, and/or attorney fees.

18. Plaintiff's Complaint may be barred in whole, or in part, because its claims do not constitute a direct loss under the Policy and/or its claims were not directly caused by computer fraud.

19. Plaintiff's Complaint may be barred in whole, or in part, because its claims are precluded from coverage under one or more exclusions in the Policy, including, without limitation, Exclusions G and R.

20. Travelers reserves the right to assert additional and/or different special and affirmative defenses as they may become known to it.

**KERR, RUSSELL AND WEBER, PLC**

By: /s/ *Mark M. Cunningham*
    Mark M. Cunningham (P38408)
    Jacquelyn A. Klima (P69403)
Attorneys for Defendant
500 Woodward Ave., Suite 2500
Detroit MI 48226-3427
(313) 961-0200
mcunningham@kerr-russell.com
jklima@kerr-russell.com

Dated: August 5, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2016 I caused the foregoing Answer to Complaint and Special and Affirmative Defenses, together with this Certificate of Service, to be filed with the Clerk of the Court using the ECF Service, which will send notification of such filing to all counsel of record.

**KERR, RUSSELL AND WEBER, PLC**

By: /s/ *Mark M. Cunningham*
    Mark M. Cunningham (P38408)
Attorneys for Defendant
500 Woodward Ave., Suite 2500
Detroit MI 48226-3427
(313) 961-0200
Dated: August 5, 2016    mcunningham@kerr-russell.com